IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

GLORIA D. SMITH,

    Plaintiff,

v.                             Civil Action No. 3:08cv574

ESTES EXPRESS,
et al.,

    Defendants.

## MEMORANDUM OPINION

The plaintiff, Gloria D. Smith, alleges violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act (the "ADEA"), and state-law claims under the Virginia Human Rights Act against Estes Express Lines. The factual underpinning of these claims lies in Smith's dismissal from employment by Estes.  Smith alleges that "malice and bigotry" were the cause of her termination. (Id.)

The Complaint does not contain a demand for a jury trial. (Def. Mem. at 1.)  The first mention of Smith's desire to have the case tried before a jury was made on November 20, 2008 during the initial pretrial scheduling conference. (Id. at 2.)  Smith has filed a letter motion (Docket No. 12) seeking trial by jury. Estes objects to the late filing and argues that the merits do not support granting the plaintiff's request. (Def. Mem. at 2, 6.)

## DISCUSSION

Fed. R. Civ. P. 38(b) allows a party to demand a trial by jury on any issue for which the party has a right to such a trial if a demand is filed and served within ten days of the service of the last pleading "directed to the issue."  The right to demand a jury trial on such an issue is waived if the demand is not timely filed. Fed. R. Civ. P. 38(d).

It is undisputed that Smith did not file a timely jury demand.  The Complaint does not contain a jury demand, nor was a demand filed within ten days of the filing of the Answer on September 3, 2008.  That was the last pleading directed to the jury-triable issues. (See Docket Sheet.) Therefore, Smith's demand for a jury is untimely under Fed. R. Civ. P. 38(b).

On motion, a court may order a jury trial on an issue "for which a jury might have been demanded." Fed. R. Civ. P. 39(b). District courts should grant motions seeking trial by jury only when some exceptional circumstance justifies the party's failure to file a demand in conformance with Fed. R. Civ. P. 38(b). Jones v. Boyd, 161 F.R.D. 48, 50 (E.D.Va. 1995)(citing General Tire & Rubber Co. v. Watkins, 331 F.2d 192, 192 (4th Cir. 1964)).  To assist in determining whether such circumstances exist, the Fourth Circuit provided a four-factor test

> (1) whether the issues are more appropriate for
> determination by a jury or a judge (i.e.,
> factual versus legal, legal versus equitable,

> simple versus complex); (2) whether permitting a jury trial would prejudice the opposing party; (3) when the motion was made (early or late in the proceedings); and (4) whether granting a jury trial would affect adversely the court's docket and the orderly administration of justice.

Vannoy v. Cooper, 872 F.Supp. 1485, 1486-87 (E.D.Va. 1995) (citing Malbon v. Pennsylvania Millers Mut. Ins. Co., 636 F.2d 936, 940 (4th Cir. 1980)). Courts also consider the reason for the delay in filing. See id.

### 1.   The Issues To Be Tried

The first factor for consideration is the nature of the issue to be tried. Malbon, 636 F.2d at 940. If the issues in the case are primarily factual, then this factor weighs in favor of granting the motion. See Vannoy, 872 F.Supp. at 1489-90; see also Corinthian Mortg. Corp. v. Choicepoint Precision Marketing, LLC, 2008 WL 2149383, *3 (E.D.Va. 2008) (the presence of issues of fact weighs this factor in favor of trial by jury). Smith's claims involve the alleged presence of a discriminatory motive for her termination by Estes. (Compl. at ¶¶ 6, 7.) Smith sets forth a number of factual contentions supporting this allegation, including apparently-racially-motivated behavior on the part of several other employees. (See id.) Estes denies many of these factual contentions. (Answer at ¶¶ 6, 7.) The determination of the veracity of these allegations will be dispositive in adjudicating Smith's claim. Furthermore, Estes has asserted several defenses which will require

-3-

factual determinations, such as, _inter alia_, failure to mitigate, good faith, and lack of willful or malicious conduct. (_Id._)  Hence, significant factual issues exist on both sides of the case; and, therefore, the first _Malbon_ factor therefore weighs in favor of granting Smith's motion. See _Vannoy_, 872 F.Supp. at 1489-90.

### 2.   Prejudice To Estes

The second _Malbon_ factor requires the reviewing court to determine whether granting the motion would prejudice the non-moving party. See 636 F.2d at 940.    Estes' sole contention regarding prejudice is that the Court will be unable to control Smith, who is proceeding pro _se_, during trial before a jury and that she might make inappropriate statements prejudicial to the Defendant. (Def. Mem. at 5.)   This argument assumes, first, that the Court is unable to control a pro _se_ litigant and, second, that the jury is incapable of following the Court's instructions. Estes' argument is without force because the Court is confident that Smith would obey the instructions she is given by the Court. If she does not, she faces punishment for contempt and other sanctions such as dismissal of her case.

### 3.   The Timing Of The Motion

The third _Malbon_ factor requires the Court to determine whether the motion was made early or late in the proceeding. See 636 F.2d at 940.    Smith's motion was made approximately three months after the Fed. R. Civ. P. 38(b) deadline had passed, and

approximately four and one half months after the action was filed. However, trial of this matter is not set until April 7, 2009 - approximately five months after the filing of Smith's motion. (See Docket Sheet.) Hence, even though a significant amount of time has passed since the filing of the action and the Fed. R. Civ. P. 38(b) deadline, it is not correct to characterize the plaintiff's filing as "late in the proceedings." See Vannoy, 872 F. Supp. at 1490.

   **4. Affect On The Court's Docket**

   Malbon lastly requires that the Court consider "whether granting a jury trial would affect adversely the court's docket and the orderly administration of justice". 636 F.2d at 940. As noted above, Smith's request for a jury trial comes several months prior to the scheduled trial date. There is a jury trial in another case currently scheduled for the following day, so a jury trial may cause some greater stress on the docket than a (presumably quicker) bench trial would. However, the docket conditions can be adjusted and, therefore, this factor weighs only lightly against Smith.

   Under the standard set forth in Vannoy, the Court also may consider the reason for the late filing of the jury demand. See 872 F.Supp. at 1487. Smith does not offer any explanation for her late filing. (Pl. Mem. at 1.) Estes argues that her failure to offer such an explanation should weigh against her. (Def. Mem. at 6.) It is under this factor that it is appropriate for the Court to consider the plaintiff's pro se status. While the Defendant

-5-

argues, correctly, that such status does not entitle Smith to flaunt procedural rules, her failure to timely demand a jury trial can be partially excused by her lack of familiarity with the subtleties of civil procedure. Hence, this consideration does not weigh heavily in either direction.

### CONCLUSION

Application of the <u>Malbon</u> factors here counsels in favor of granting Smith's motion. Hence, the case will be set for trial by jury.

It is so ORDERED.

_____ /s/          REP

Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date:  February 12, 2009

-6-